■    MARGUERITE B. LUNN, as Executrix of WILLIAM M. LUNN, Deceased, Respondent, v. UNITED AIRCRAFT CORPORATION, Appellant.— In a negligence action to recover damage for conscious pain and suffering and for wrongful death, defendant appeals from three orders of the Supreme Court, Nassau County: (1) an order entered February 23, 1966, which denied its motion to strike plaintiff's note of issue and statement of readiness; (2) an order entered April 21, 1966, which granted plaintiff's motion to vacate her default in opposing defendant's motion to dismiss the action for lack of prosecution (CPLR 3216), and denied defendant's motion for such relief; and (3) an order entered May 6, 1966, which denied its motion to vacate the order entered

February 23, 1966, and to strike the action from the calendar. Order of April 21, 1966, reversed, without costs, and motion to dismiss granted, with leave to plaintiff, if she be so advised, to move at Special Term upon proper papers to vacate the order of dismissal. Appeals from the remaining orders dismissed as academic, without costs. Defendant's motion to dismiss was grounded upon plaintiff's general delay in prosecuting the action for a period of almost six years, and not upon the failure to file and serve a note of issue. In view of plaintiff's failure to submit either an affidavit of merit or any excuse for the inordinate delay, the motion should have been granted (*Commercial Credit Corp.* v. *Lafayette Lincoln-Mercury*, 17 N Y 2d 367; *Mulinos* v. *Coliseum Constr. Corp.*, 22 A D 2d 163; *Brown* v. *Weissberg*, 22 A D 2d 282). Christ, Acting P. J., Brennan, Hill and Hopkins, JJ., concur; Benjamin, J., concurs in the result, with the following memorandum: I agree that plaintiff's motion to vacate her default in opposing defendant's motion to dismiss the action for lack of prosecution was improperly granted by Special Term because of plaintiff's failure to submit an affidavit of merits, and that the reversal of that order should be with leave to plaintiff to renew upon proper papers. However, I disagree with the majority's conclusion that on the facts disclosed by this record the court has the right and power to dismiss the action for "general delay" antedating the filing of her note of issue. In this case, defendant served the 45-day notice provided for by CPLR 3216; plaintiff filed her note of issue within that 45-day period; and defendant then made its motion to dismiss the action for "general delay" antedating the filing of the note of issue. On this sequence of events, it seems to me that dismissal on that ground is barred by rule 3216. As I read that rule, it empowers the court to dismiss on the ground of "general delay" only with respect to delay following the filing of the note of issue, where a note of issue has actually been filed in response to a 45-day notice. My interpretation of the rule, in this respect, accords with the apparent intent of the Legislature and the general understanding of the Bar (*see*: 1965 Supplementary Practice Commentary by Prof. Siegel in McKinney's Cons. Laws of N. Y., Book 7B, Civil Practice Law & Rules, 3216). Initially, the Court of Appeals seemed to agree with this interpretation in *Salama* v. *Cohen* and *Tomich* v. *Cohen* (16 N Y 2d 1058). However, the precise meaning of its holding in the *Salama* and *Tomich* cases, and its interpretation of CPLR 3216 has become somewhat unclear in view of its recent decision in *Commercial Credit Corp.* v. *Lafayette Lincoln-Mercury*, 17 N Y 2d 367. Particularly is that lack of clarity pertinent in the case at bar, since its fact pattern is somewhat different from those in *Salama*, *Tomich* and *Commercial Credit Corp.* (*supra*), and it thus is not conclusively controlled by the holdings in those cases. In view of that fact; in view of the history of this rule and its seemingly clear language; in view of the Legislature's apparent intent; and in view of the Bar's general interpretation of the rule, as indicated in Prof. Siegel's Practice Commentary (*supra*), it seems to me that the case at bar cannot be dismissed for lack of prosecution on the ground of "general delay" antedating the filing of plaintiff's note of issue, and can be dismissed on that ground only if such "general delay" occurs *after* the note of issue was filed.